# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **Darrek Culbertson,** | Case No.: 8:22-CV-02252-CEH-JSS |
| Plaintiff, | |
| v. | PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| **Pro Custom Solar LLC d/b/a Momentum Solar** | |
| Defendants. | DEMAND FOR JURY TRIAL |

**Motion for Leave to File a Second Amended Complaint**

Plaintiff Darrek Culbertson ("Plaintiff") through undersigned counsel, hereby moves this Court to grant leave to amend so Plaintiff may file a Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a)(2). This motion is opposed by Defendant.

This Motion for Leave to file a Second Amended Complaint will be made based upon this Motion, the accompanying Memorandum of Points and Authorities, Exhibits, court records, any other attached or relevant documents, and such other oppositions, replies, or briefs as may be properly

1

presented to the Court. The grounds for this motion are fully set out in the Memorandum of Points and Authorities below.

**Memorandum of Points and Authorities**

1. **INTRODUCTION**

    Plaintiff Darrek Culbertson ("Plaintiff") filed the Complaint in this action on October 3. 2022. (ECF #1); *see* also Declaration of Ryan L. McBride in Support of Plaintiff's Motion for Leave to File a Second Amended Complaint ("McBride Decl.") ¶3. Subsequently, on November 2, 2022, Plaintiff amended the complaint at the request of Defendant's counsel in order to correct the last four digits of Plaintiff's phone number. (*See* ECF #7); see also McBride Decl. ¶5. Since that time, Plaintiff has been retained by two other individuals who have received the same pre-recorded voice calls as Plaintiff, made by Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant"). McBride Decl. ¶ 6. Both proposed plaintiffs received more than one prerecorded voice call from Defendant. McBride Decl. ¶ 5. As a result of Plaintiff learning of two additional individuals, Plaintiff now seeks to add the two additional parties, Tracy James and Stephen Wilford as Plaintiffs. McBride Decl. ¶ 8.

    Besides adding the two parties, facts, and claims as to the alleged violating calls suffered by both, the remainder of the complaint will remain substantially the same. McBride Decl. ¶ 9. Though Defendant's counsel insisted on the filing of the First Amended Complaint ("FAC"), Defendant's counsel now opposes the current motion for leave to amend. McBride Decl. ¶ 8. Thus, Plaintiff requests the Court allow Plaintiff to file a Second Amended Complaint (a redlined version of which is attached as Exhibit "A").

2

## II. ARGUMENT
### 1. <u>Plaintiff Should Be Permitted to File an Amended Pleading at This Time and For the Intended Purpose.</u>

Federal Rule of Civil procedure 15(a)(2) provides that, 21 days after a responsive pleading has been served , "only with the opposing party's written consent or the court's leave," which the court should freely give "when justice so requires. "Fed. R. Civ. P. 15(a)(2). Further, courts "have noted that a district court's discretion to dismiss a complaint without leave to amend is 'severely restricted' by Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)(2)"), which mandates that leave to amend, when requested by the plaintiff should be given." *See Bryant*, 252 F.3d at 1163 (applying the standard for Rule 15(a)(2) amendment to the decision whether to dismiss with or without prejudice under Rule 12(b)(6))..*Eiber Radiology, Inc. v. Toshiba Am. Med. Sys.*, 673 F. App'x 925, 929 (11th Cir. 2016). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Lastly, "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

//

### 2. **Defendant Will Not be Unduly Prejudiced if Plaintiff Amends His Pleadings.**

Defendant would not be unduly prejudiced by the amendment The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party. *Certain Underwriters at Lloyd's, London & London Mkt. Ins. Cos. v. Taylor Bean & Whitaker Mortg. Corp. (In re Taylor)*, No. 3:09-bk-7047-JAF, 2013 Bankr. LEXIS 5817, at *1 (Bankr. M.D. Fla. Sep. 25, 2013). Courts usually find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues. *Id*. As the Eleventh Circuit has explained, that any prejudice that may be considered must be weighed against the prejudice of the moving party, should the amendment not be granted. *Id*.

Here, Plaintiff's amendment will not cause substantial prejudice to Defendant. Plaintiffs' substantive claims all stem from the same subject matter. Additionally, Plaintiff proposes adding two plaintiffs and the facts as to defendants' actions towards them which will not require Defendant to undertake an entirely new defense. Plaintiff is asserting two additional causes of actions, the TCPA "Do Not Call" claims and the Florida Telephone Solicitation Act, which are both very similar to the original cause of action under the TCPA "prerecorded voice" claim and stem from the same calls. These new claims will not likely prejudice Defendant at all. McBride Decl. ¶ 10. The defenses to the new claims will likely be essentially the same, and

Defendant has adequate time to prepare as the discovery period has not even opened yet. Additionally, Plaintiff and the proposed plaintiffs would be prejudiced if the new causes are not added as it would limit their ability to redress their damages. Therefore, it is clear Defendant will not be substantially prejudiced by an amended pleading.

### 3. **<u>Plaintiff has Not Engaged in Undue Delay or Bad Faith In Bringing the Instant Motion.</u>**

Additional factors examined is whether there have been "undue delay" or "bad faith" in bringing this motion. "Courts have found that parties act in bad faith when the movant intentionally waits to bring their amendment to a complaint to help their own case or to hurt their opponent's." *Gordon v. IRS (In re Johnson)*, Nos. 16-51072-PMB, 16-05349-PMB, 2017 Bankr. LEXIS 2412, at *1 (Bankr. N.D. Ga. Aug. 25, 2017). Plaintiff has not unreasonably delayed bringing the instant motion. McBride Decl. ¶ 11. Plaintiff filed the original complaint on October 3, 2022. See ECF #1; *see* also McBride Decl. ¶ 3. On October 28, 2022, Defendant's counsel brought a typo to Plaintiff's counsel's attention regarding Plaintiff's phone number in the complaint McBride Decl ¶ 4. Plaintiff corrected the typo and filed a FAC on November 2, 2022 at Defendant's counsel's request. McBride Decl. ¶ 5. Subsequently, Plaintiff identified and retained two additional clients on or around January 18, 2023. McBride Decl. ¶ 6. As soon as the two individuals' identities became known to Plaintiff, Plaintiff's counsel reached out to Defendant and confirmed that there were two individuals who had similar claims, and requested the Defendant's counsel stipulate to a Second Amended Complaint. McBride Decl. ¶ 8. On January 18, 2023, Defendant's counsel refused to

stipulate without providing any supporting authority in opposition though Plaintiff's counsel requested it. *Id*. Plaintiff filed this motion just six days after being retained by the two proposed plaintiffs. McBride Decl. ¶ 11. The discovery period has not even opened in the case, and based on the current motion to dismiss, the pleadings have not been set yet. However, even if Plaintiffs had delayed in bringing this motion, undue delay, standing alone, is insufficient to justify a denial of leave to amend. *Id* . There is no indication of bad faith or delay. Thus, no factors are present that would justify denying leave to amend.

### 4. The Proposed Amendment is Not Futile Because the Facts Set Forth by Plaintiff, If Proven, Constitute Valid Claims.

"A court may deny a motion under Rule 15(b)(1) if the proposed amendment would be an exercise in futility. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Stermer v. Old Republic Nat'l Title Ins. Co. (In re ATIF, Inc.)*, Nos. 2:17-bk-01712-FMD, 2:18-ap-531-FMD, 2021 Bankr. LEXIS 3285, at *1 (Bankr. M.D. Fla. Dec. 2, 2021)  In this case, Plaintiff seeks to add in two plaintiffs that have nearly identical claims to what Plaintiff alleges in the FAC. In fact, the two proposed plaintiffs have claims that would render some of the arguments in the motion to dismiss filed by Defendant moot. Specifically, the two proposed plaintiffs both have received multiple prerecorded voice calls from Defendant. Additionally, Plaintiff seeks to add in two additional causes of action, which relate to the original cause of action. Thus, their claims are valid claim and will not be futile.

//

### III. CONCLUSION

Attached as Exhibit B is the proposed version of Plaintiffs' Second Amended Complaint. Attached as Exhibit A is a redlined version of the Complaint showing the proposed changes made from the First Amended Complaint. Since Plaintiff's request is timely, no prejudice is present nor is Plaintiff's request in bad faith or futile. Further, the proposed plaintiffs' claims are valid. Therefore, Plaintiff respectfully requests that the Court allow Plaintiff to file a Second Amended Complaint.

Dated: January 24, 2023                                           Respectfully submitted,

BY: /S/ RYAN L. MCBRIDE
RYAN L. MCBRIDE, ESQ.
TRIAL COUNSEL FOR PLAINTIFF

Mohammad Kazerouni (1034549)
**Kazerouni Law Group, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
mike@kazlg.com

Ryan L. McBride (1010101)
**Kazerouni Law Group, APC**
301 E. Bethany Home Road
Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com

## **Local Rule 3.01(g) Certification**

Plaintiff certifies that Plaintiff has conferred with Defendant, and Defendant has indicated that it opposes this motion. The conference happened over an email exchange.