UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARREK CULBERTSON,

    Plaintiff,

v.                                                                                              Case No: 8:22-cv-2252-CEH-JSS

PRO CUSTOM SOLAR LLC,

    Defendant.
_____/

## ORDER

    This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 9), Plaintiff's response in opposition (Doc. 11), Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 10), and Defendant's Response in Opposition (Doc. 12). Defendant Pro Solar Custom LLC ("Defendant" or "Momentum Solar") moves to dismiss Plaintiff Darrek Culbertson's Amended Complaint because Culbertson lacks standing to bring a claim for alleged violations of § 227(b) of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA), where Culbertson received only one pre-recorded automated message. Culbertson responds that one pre-recorded call is sufficient, and in any event, he has sought leave to amend his complaint to add additional claims and plaintiffs. The Court, having considered the motions and being fully advised in the premises, will deny Defendant's motion to dismiss for lack of standing and grant Plaintiff leave to file a Second Amended Complaint.

I.  **BACKGROUND**[1]

Plaintiff, Darrek Culbertson ("Plaintiff" or "Culbertson"), sues Momentum Solar in a putative class action brought under the TCPA. Doc. 1. Defendant is a solar company. Doc. 7 ¶ 3. To promote its services, Defendant engages in unsolicited marketing. *Id.* Plaintiff seeks injunctive relief to halt Defendant's practices which have resulted in invasion of privacy, harassment, aggravation, and disruption of daily life of Plaintiff and thousands of others. *Id.* ¶ 4. Plaintiff alleges that Defendant's statutory violations were willful and intentional, and Defendant failed to maintain procedures reasonably adapted to avoiding any such violation. *Id.* ¶ 8.

In his Amended Complaint, Culbertson alleges Momentum Solar violated section 227(b)(1)(A)(iii), which prohibits the making of any non-emergency call using an automatic telephone dialing system[2] or pre-recorded voice to any telephone number assigned to a cellular telephone service without the recipient's prior express consent.

On September 30, 2021, Culbertson received an automated call with a pre-recorded voice which asked him if he wanted to save money on energy. Doc. 7 ¶ 29. Culbertson responded yes, and the pre-recorded voice let him know he would receive a call from "Momentum" shortly. *Id.* That same day, Culbertson received a call from

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 7), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

[2] In his response to the motion to dismiss, Culbertson clarifies he is not making a claim based on an alleged use of an automatic telephone dialing system ("ATDS") and he will delete any reference to an ATDS from his Second Amended Complaint if permitted to amend. Doc. 11 at 15

2

a live agent attempting to sell him solar panels. *Id.* ¶ 30. The call was followed up by an email to Plaintiff that directed Plaintiff to respond if interested. *Id.* ¶ 31. Plaintiff did not respond to the email. *Id.* Plaintiff received two additional calls from Defendant on that day that Plaintiff did not answer. *Id.* ¶ 32.

In October and November, Plaintiff continued to receive multiple calls from Defendant. *Id.* ¶ 33. On November 15, 2021, Plaintiff explicitly told Defendant to stop calling his phone. *Id.* ¶ 34. On November 26, 2021, Plaintiff received another call from Defendant. *Id.* ¶ 35. Plaintiff again requested Defendant to stop calling Plaintiff's phone, but Plaintiff received another call from Defendant that day. *Id.* On December 3 and 7, 2021, Plaintiff received calls from Defendant, and on both occasions Plaintiff told Defendant's representative to stop calling. *Id.* ¶¶ 36, 37. On December 8, 2021, Plaintiff received another call from Defendant that was not answered. *Id.* ¶ 38.

Defendant's phone calls constitute marketing calls under the TCPA. *Id.* ¶ 39. Plaintiff never gave Defendant express written consent to be contacted. *Id.* ¶ 41. Plaintiff is the sole user of the cellular telephone number ending in 6641 and is financially responsible for calls to that number. *Id.* ¶ 42. Defendant's unsolicited phone calls to Plaintiff at that number caused Plaintiff actual harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. *Id.* ¶ 43. Defendant's phone calls to Plaintiff caused disruption to his daily life. *Id.*

In his two-count Amended Complaint, Plaintiff sues Defendant for violating section 227(b)(1)(A)(iii) because Defendant, or third parties directed by Defendant,

used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to Plaintiff's cellular telephone and the cellular phones of other members of the putative class. Count two of the Amended Complaint alleges a willful violation of section 227(b) because Defendant knew that it did not have prior express consent to make these calls to Plaintiff and knew or should have known that its conduct was a violation of the TCPA. *Id.* ¶ 66.

## II.   LEGAL STANDARD

### A. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

Motions to dismiss for lack of standing are a challenge to the court's subject matter jurisdiction. Pursuant to Rule 12(b)(1), motions to dismiss may attack jurisdiction facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack on subject matter jurisdiction under Rule 12(b)(1) "requires [] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citations omitted). In assessing a motion to dismiss pursuant to Rule12(b)(1) the Court affords Plaintiff the same safeguards as those provided in opposing a Rule 12(b)(6) motion, it considers all allegations of the complaint as true and is confined to the four corners of the complaint. *Id*. However, in a factual attack, the Court analyzes the arguments asserted by the parties and the credibility of the evidence presented. *Garcia v. Copenhaver, Bell, & Assocs.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997). Factually-based attacks on subject matter jurisdiction go beyond the pleadings and permit testimony and affidavits to be considered. *Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

### B. Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." And "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

5

the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "a motion for leave to amend may appropriately be denied . . . where amendment would be futile." *In re Engle Cases*, 767 F.3d 1082, 1108–09 (11th Cir. 2014) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)); *see also Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

### III. DISCUSSION

In this putative class action filed under the TCPA, Plaintiff sues Defendant, on behalf of himself and others similarly situated, for invasion of privacy, harassment, aggravation, and disruption of daily life resulting from unwanted automated telemarketing calls in violation of the TCPA. Culbertson invokes the jurisdiction of this Court under the TCPA and the Class Action Fairness Act ("CAFA"). In his two-count Amended Complaint, Culbertson sues for violations and willful violations of 47 U.S.C. § 227(b) by Momentum Solar. On January 24, 2023, Momentum Solar moved to dismiss the amended complaint arguing Plaintiff lacks standing to bring his claims under the TCPA and for failure to state a claim. Doc. 9. Thereafter, Plaintiff filed a motion to amend. Doc. 10.

Momentum Solar opposes the amendment as futile arguing that Culbertson still alleges he received only one pre-recorded call, and such allegations fall short of establishing standing to bring a claim under the TCPA. Doc. 12 (citing *Cordoba v.*

6

*DIRECTV, LLC*, 942 F.3d 1259, 1270) (holding that plaintiff must plead the existence of a concrete injury-in-fact that is more than a bare procedural violation of the statute). Plaintiff now seeks to amend his Amended Complaint to add two additional plaintiffs whom he alleges have received multiple automated pre-recorded calls and to add new claims under 47 U.S.C. § 227(c) ("do-not-call" protections of the TCPA) and Florida Statute § 501.059 (Florida's Telephone Solicitation Act ("FTSA") which precludes unsolicited telephonic sales calls).[3] Defendant argues that the proposed Second Amended Complaint alleges no additional facts to establish Culbertson's individual standing to bring a TCPA claim under § 227(b) and Plaintiff may not add new plaintiffs and claims to cure his defective standing.

### A.   Standing

To establish subject matter jurisdiction in federal court, a plaintiff must have standing, which consists of three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized'

---

[3] In pertinent part, the FTSA precludes a telephone solicitor from making or causing to be made "any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone appears in the then-current quarterly [no sales solicitation calls] listing published by the department." Fla. Stat. § 501.059(4).

7

and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560).

Momentum Solar argues that Culbertson's complaint of having received only one pre-recorded phone call is insufficient to confer standing because Plaintiff is unable to show he suffered a concrete injury in fact. Culbertson disagrees. The issue of standing in TCPA cases has recently been clarified by the Eleventh Circuit in its *en banc* opinion in *Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023). The focus of the analysis in *Drazen* was the concreteness of the injury, with the appellate court reiterating that "intangible harms can satisfy Article III's concreteness requirement." *Id.* at 1342 (citing *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1243 (11th Cir. 2022) (*en banc*)). And "Congress is 'well positioned to identify' those intangible harms." *Id.* (quoting *Spokeo*, 578 U.S. at 341). "[O]nce Congress has identified an intangible harm, the question becomes whether that 'harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.'" *Id.* at 1343 (quoting *Hunstein*, 48 F.4th at 1243 (quoting *Spokeo*, 578 U.S. at 341, 136 S.Ct. 1540)). The *Drazen* court held "the harm associated with an unwanted text message shares a close relationship with the harm underlying the tort of intrusion upon seclusion. Both harms represent 'an intrusion into peace and quiet in a realm that is private and personal.'" *Id.* at 1345 (citation omitted).

In holding that standing existed for the one unwanted text message received by Drazen, the appellate court found the concreteness requirement satisfied because an

8

injury existed, albeit one that was smaller in degree. *Id.* at 1345–36. The court explained that "[t]he concreteness requirement ensures that the plaintiff has a real stake in the litigation. Only when a plaintiff has that concrete stake in the lawsuit can [plaintiff] bring [his] claim in federal court." *Id.* at 1339. Through the TCPA, Congress has provided a cause of action to redress the harm caused by unwanted telemarketing texts and phone calls. And to draw the line on whether one or more than one text or call is sufficient to cause harm is a matter of degree, not kind. *Id.* at 1343–44. In its ruling, the Eleventh Circuit adopted the approach followed by seven other Circuits that "have declined to consider the degree of offensiveness required to state a claim for intrusion upon seclusion at common law. Instead, they have held that receiving either one or two unwanted texts or phone calls resembles the *kind* of harm associated with intrusion upon seclusion." *Id.* at 1344 (emphasis in original); *see also Susinno v. Work Out World Inc.*, 862 F.3d 346, 351–52 (3d Cir. 2017) (one unwanted phone call); *Ward v. NPAS, Inc.*, 63 F.4th 576, 581 (6th Cir. 2023) (same); *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1192 (10th Cir. 2021) (same).

"Intrusion upon seclusion consists of an (i) intentional intrusion (ii) into another's solitude or seclusion, (iii) which would be highly offensive to a reasonable person." *Id.* at 1345 (citing Restatement (Second) of Torts § 652B (1977)). The Eleventh Circuit specifically recognized unwanted telemarketing phone calls to be "among the privacy intrusions that give rise to liability for intrusion upon seclusion." *Id.* at 1345 (citing Restatement (Second) of Torts, *supra*, § 652B cmt. d).

9

In reaching its conclusion that the *Drazen* plaintiff had standing, the Eleventh Circuit took guidance from now-Justice Barrett who has stated the question to ask is "whether the harms share a 'close relationship' in kind, not degree[]'" to a common law tort. *Id.* at 1343–44 (quoting *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.) (quoting *Spokeo*, 578 U.S. at 341)). Here, although Plaintiff's "harm is smaller in degree," it is, like the *Drazen* plaintiff, not "entirely absent," and therefore Plaintiff has a cognizable concrete injury for purposes of standing under the TCPA. Defendant's motion to dismiss predicated on the argument that Plaintiff lacks standing is due to be denied.

B.     **Motion for Leave to Amend**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff seeks leave to file a Second Amended Complaint. Doc. 10. Momentum Solar opposes amendment. Doc. 12. As an initial matter, the Court agrees with Defendant that a plaintiff may not add new plaintiffs to cure his own deficient standing. *See Wright v. Dougherty Cty., Ga.*, 358 F.3d 1352, 1356 (11th Cir. 2004) (quoting *Summit Office Park, Inc. v. United States Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981)) ("Where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action."). However, as discussed above, the Eleventh Circuit's opinion in *Drazen* has now answered the question as to whether a plaintiff who receives a single unwanted marketing call or text has standing to bring a TCPA claim. Having determined above that the Plaintiff has standing to bring his TCPA claims against Momentum Solar, the

Court will grant Plaintiff's request to amend. The motion to amend is timely, there is no indication of undue delay or bad faith in seeking the amendment, and Momentum Solar fails to show prejudice in allowing the amendment. *See* Fed. R. Civ. P. 15; *Foman*, 371 U.S. at 182. According to Plaintiff, the amendment will address and/or correct the matters raised in the motion to dismiss, including the issues of agent liability and the fact that an ATDS was not used. Given Rule 15(a)'s dictate that leave to amend should be freely given, the Court will grant Plaintiff's Motion for Leave to File a Second Amended Complaint.

      C.      **Momentum Solar's Motion to Dismiss**

In its motion to dismiss the Amended Complaint, Momentum Solar primarily argues Plaintiff's lack of standing. That argument is rejected for the reasons discussed above, and the motion to dismiss for lack of standing is due to be denied. As for the other arguments raised in Defendant's motion, Plaintiff will be filing an amended complaint, which Plaintiff represents will address the other matters. Accordingly, the remaining arguments in the motion to dismiss are denied as moot. It is hereby

      **ORDERED:**

      1.      Defendant's Motion to Dismiss (Doc. 9) is **DENIED** on the issue of standing and **DENIED as moot** as to the remaining arguments.

      2.      Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 10) is **GRANTED**. Plaintiff shall file his Second Amended Complaint as a separate docket entry on or before September 20, 2023.

3.      Within twenty-one (21) days of this Order, the Parties shall conduct the planning conference required by the Federal Rules of Civil Procedure and file a case management report using the standard form on the Court's website.

**DONE AND ORDERED** in Tampa, Florida on September 6, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any