UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARREK CULBERTSON,
TRACY JAMES, and STEPHEN
WILFORD,

    Plaintiffs,

v.                                          Case No: 8:22-cv-2252-CEH-UAM

PRO CUSTOM SOLAR LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on Defendant Pro Custom Solar LLC's Motion to Dismiss or Strike Counts II and IV of Plaintiffs' Second Amended Complaint (Doc. 18). In the motion, Defendant requests dismissal of Counts II and IV seeking treble damages for alleged knowing and/or willful violations of the TCPA because the counts are duplicative of Counts I and III and are not separate causes of action, but rather seek additional remedies. Plaintiffs respond in opposition. Doc. 21. The Court, having considered the motion and being fully advised in the premises, will grant-in-part and deny-in-part Defendant's motion to dismiss. The Court will dismiss Count II and grant Plaintiffs leave to file a Third Amended Complaint.

**I.    BACKGROUND**[1]

---

[1] The following statement of facts is derived from the Second Amended Complaint (Doc. 16), the allegations of which the Court must accept as true in ruling on the instant Motion to

In their Second Amended Complaint, Plaintiffs Darrek Culbertson ("Culbertson"), Tracy James ("James"), and Stephen Wilford ("Wilford") (collectively "Plaintiffs") bring this putative class action, on behalf of themselves and others, against Defendant Pro Custom Solar, LLC d/b/a Momentum Solar ("Defendant" or "Pro Custom Solar") for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA") and Florida's statutory counterpart, Fla. Stat. § 501.059 ("FTSA"). Doc. 16. Defendant Pro Custom Solar is a solar energy company that promotes its services through unsolicited marketing. Doc. 16 ¶ 3. Plaintiffs seek injunctive, legal, and equitable relief to stop Defendant's statutory violations, which have resulted in an invasion of privacy, harassment, aggravation, and disruption of daily life of the Plaintiffs and the putative class. *Id.* ¶ 4. Defendants failed to have procedures in place to avoid the statutory violations. *Id.* ¶ 5. Plaintiffs allege that Defendant's statutory violations were knowing, willful, and intentional. *Id.* ¶ 8.

On September 30, 2021, Plaintiff Culbertson received an automated call using a pre-recorded voice asking him if he wanted to save money on energy. *Id.* ¶ 33. Plaintiff Culbertson responded affirmatively and the pre-recorded voice states he would receive a call from "Momentum" shortly. *Id.* The same day, Culbertson received a call from a live agent identifying themselves as representing Defendant and attempting to sell him solar panels. *Id.* ¶ 36. After the call, a follow up email was sent

---

Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

by Defendant to Culbertson asking him to respond if he was interested. *Id.* ¶¶ 36, 37. The email included Defendant's information, including its official website. *Id.* ¶ 37. Although Culbertson did not respond to the email, he received an additional two calls from Defendant or its agent that day, which he did not answer. *Id.* ¶¶ 37, 38. In October and November, Culbertson received multiple calls from Defendant or its agent. *Id.* ¶ 39. On November 15, 2021, Culbertson explicitly told Defendant to stop calling his phone. *Id.* ¶ 40. On November 26, 2021, he received another call from Defendant or its agent, and again, Culbertson requested Defendant stop calling him. *Id.* ¶ 41. Culbertson received another call later the same day. *Id.*

On December 3 and 7, 2021, Culbertson received calls from Defendant or its agent, and he again told them to stop calling him. *Id.* ¶¶ 42, 43. On December 8, 2021, Culbertson received a call from Defendant that he did not answer. *Id.* ¶ 44.

Plaintiff James received automated calls with a pre-recorded voice from Defendant or its agent on November 2, 10, 18, and 21, 2022, asking James if she wanted to save money on energy. *Id.* ¶¶ 45–48. Each time, James stated she was not interested and hung up. *Id.* On January 9, 2023, James received an automated call with a pre-recorded voice from Defendant or its agent asking if she wanted to save money on energy. *Id.* ¶ 49. This time she was transferred to a live agent who asked questions about her housing and electric bills. *Id.* The Defendant attempted to set up a time to see which solar panels would be best for James's home, and it was apparent from the call that Defendant knew James's home address. *Id.* ¶ 50.

From January 3 to January 10, 2023, Plaintiff Wilford received seven automated calls with a pre-recorded voice from Defendant or its agent asking him if he wanted to save money on energy. *Id.* ¶¶ 51–53. Each time, Wilford indicated he was not interested and requested Defendant not to call again. *Id.* On January 10, 2023, he also received a call from a live agent asking Wilford questions about his home and current power company. *Id.* ¶ 54.

Plaintiffs did not provide Defendant with express written consent to be contacted. *Id.* ¶ 57. Culbertson has been on the Do Not Call Registry since 2020. *Id.* ¶ 58. James has been on the Do Not Call Registry since 2006. *Id.* ¶ 59.

Defendant's phone calls to Plaintiffs caused Plaintiffs harm including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. *Id.* ¶ 61. Defendant's calls inconvenienced Plaintiffs and caused disruption to their daily lives. *Id.* Defendant's calls resulted in numerous hours wasted investigating the unwanted phone calls and took up memory on Plaintiffs' cellular telephones. *Id.* ¶¶ 62, 63.

In their five-count class action Second Amended Complaint, Plaintiffs sue Pro Custom Solar for TCPA violations under § 227(b) (Counts I and II); and § 227(c) (Counts III and IV); and violations of § 501.059, Fla. Stat. (Count V). Doc. 16. Pro Custom Solar moves to dismiss under Rule 12(b)(6) or to strike under Rule 12(f) Counts II and IV of the Second Amended Complaint as duplicative because the causes of action are the same as asserted in Counts I and III, with the only difference being Counts II and IV allege knowing and willful conduct and a request for treble damages.

4

Doc. 18. Plaintiffs oppose the motion requesting the Court deny it for failure to raise the argument in its earlier motion to dismiss. Doc. 21. Alternatively, if the Court is inclined to dismiss or strike those counts, Plaintiffs request leave to amend to clarify that they are seeking treble damages in Counts I and III. *Id.* at 2.

## II.     LEGAL STANDARD

### A.     Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

### B.     Motion to Strike Under Fed. R. Civ. P. 12(f)

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *S.Y. v. Naples Hotel Co.*, No. 2:20-CV-118-JES-MRM, 2020 WL 4504976, at *5 (M.D. Fla. Aug. 5, 2020) (quoting *Hutchings v. Fed. Ins. Co.*, 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008)). Striking matters from a pleading is a drastic remedy and is disfavored. *See Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002); *Hill v. State Farm Ins. Co.*, 181 F. Supp. 3d 980, 988 (M.D. Fla. 2016). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995); *Antoine v. Sch. Bd. of Collier Cty., Fla.*, No. 2:16-CV-379-DNF, 2019 WL 913358, at *2 (M.D. Fla. Feb. 25, 2019) (stating same).

### III.   DISCUSSION

Pro Custom Solar moves to dismiss or strike Counts II and IV arguing that the claims are the same as Plaintiffs assert in Counts I and III, except that Counts II and IV request treble damages. Doc. 18. Review of the Second Amended Complaint reveals that Count II does not allege an independent cause of action. Section 227(b) of the TCPA provides:

> (3) Private right of action
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3). Thus, under the statute, a plaintiff may pursue: (A) a cause of action for a TCPA violation to enjoin such violation; (B) a cause of action to recover monetary or statutory damages; or (C) both causes of action. In the event the court finds a willful and knowing violation of this subsection of the TCPA, the court may, in its discretion, treble the amount of damages available in an action under subparagraph (B).

The Second Amended Complaint alleges in a separate count (Count II) Plaintiffs' request for treble damages. Whether the request for treble damages under 47 U.S.C. § 227(b)(3) should be pleaded in a separate count of a complaint was addressed in *Picton v. Greenway Chrysler-Jeep-Dodge, Inc.*, No. 6:19-CV-196-GAP-DCI, 2019 WL 2567971 (M.D. Fla. June 21, 2019), where the court noted that "the possibility of treble damages under 47 U.S.C. § 227(b)(3) is not a separate cause of action; it is simply an enhancement of the damages available for a violation of 47 U.S.C. § 227(b)(1)(A)(iii)." *Id.* at 3. This analysis is consistent with a plain reading of the statute. Like the *Picton* plaintiff, Plaintiffs here have alleged, in Count I, a violation of § 227(b)(1)(A)(iii) of the TCPA by Defendant's use of pre-recorded voice messages to make non-emergency telephone calls to the cell phones of Plaintiffs without their

prior express written consent. Doc. 16 ¶ 79. Plaintiffs seek $500 in damages and injunctive relief.[2] *Id.* ¶ 81. Count II alleges Defendant's statutory violations were knowing, and as a result, Plaintiffs seek $1,500 (treble) statutory damages. *Id.* ¶¶ 85, 86. Because the possibility of treble damages does not create an independent cause of action under the plain language of § 227, Count II is due to be dismissed. Plaintiffs may amend their Complaint to clarify within each Count for which treble damages are sought, but the request for treble damages may not be pleaded as a stand-alone cause of action.

Plaintiffs do not offer argument or legal authority to demonstrate the appropriateness of bringing their request for treble damages in a separate count. Instead, Plaintiffs submit that Defendant is barred from asserting this argument because it failed to raise the defense in its initial motion to dismiss. Plaintiffs are correct that pursuant to Fed. R. Civ. P. 12(g)(2), a party must not make multiple motions to dismiss in which a party raises a defense or objection that was available to the party but omitted from its earlier motion. However, Rule 12(h)(2) also provides that a party may assert a failure to state a claim at trial. Given the Court's conclusion above that Count II fails to state an independent cause of action and because Plaintiffs will be permitted to amend, the Court finds that dismissal of Count II is warranted at this

---

[2] A request for injunctive relief based upon a violation of the regulations under this subsection should be pleaded as a separate claim as described in § 227(b)(3). A claim seeking to enjoin a defendant's conduct, however, must allege facts showing an imminent threat to warrant injunctive relief. *See Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) ("where a plaintiff seeks prospective relief, he must demonstrate a 'real and immediate threat' of future injury").

time. Plaintiffs will be permitted to amend their claims to clarify for which claims they are seeking treble damages.

In Count III of the Second Amended Complaint, Plaintiffs sue Defendant for violating 47 U.S.C. § 227(c), by calling Plaintiffs Culbertson, James, and the members of the "Do Not Call" class two times within a 12-month period more than 30 days after Plaintiffs were registered on the do-not-call registry. Doc. 16 ¶ 88. As a result of Defendants' conduct, Plaintiffs seek $500 in statutory damages and injunctive relief. *Id.* ¶ 89. Section 227 (c)(5) provides:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
>
> . . . If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(c)(5). Like § 227(b)(3) discussed above, an aggrieved party may bring: (A) an action for injunctive relief; (B) an action for monetary damages; or (C) both actions. And if the Court finds a defendant's conduct is willful or knowing, the court may treble the damages awarded for an action under subsection (B).

Defendant seeks to strike or dismiss Count IV because it only seeks the additional remedy of treble damages. However, Count IV, unlike Count II, specifically

seeks injunctive relief for Defendant's statutory violations (Doc. 16 ¶ 94), which would constitute an independent cause of action as referenced in subsection (A) of § 227(c)(5). Thus, the Court will not dismiss Count IV for failing to be an independent cause of action, as it did with Count II. However, Count IV also seeks treble damages for knowing and willful violations. Although the Court is not dismissing Count IV, any request for treble damages is more appropriately included in the preceding claim seeking statutory damages. And, importantly, a claim seeking injunctive relief must allege ultimate facts supporting the requested relief. *See Elend,* 471 F.3d at 1207.[3]

Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Dismiss or Strike Counts II and IV of Plaintiffs' Second Amended Complaint (Doc. 18) is **granted-in-part** and **denied-in-part**.

2. Count II of Plaintiffs' Second Amended Complaint is dismissed.

3. Within fourteen (14) days of the date of this Order, Plaintiffs may file a Third Amended Complaint consistent with this Order.

4. Within fourteen (14) days of the filing of the Third Amended Complaint, Defendant shall file its response to the Third Amended Complaint.

---

[3] In the absence of any allegation that a plaintiff will ever receive another prerecorded message from the defendant in the future, courts in this Circuit have dismissed a plaintiff's request for injunctive relief. *See Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1252 (S.D. Fla. 2019); *Zononi v. CHW Grp., Inc.*, No. 22-CV-14358, 2023 WL 2667941, at *5 (S.D. Fla. Mar. 7, 2023) (dismissing prayer for injunctive relief in TCPA case where amended complaint failed to allege facts that show a likelihood of future injury).

**DONE AND ORDERED** in Tampa, Florida on August 13, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any