UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARREK CULBERTSON,
TRACY JAMES, and
STEPHEN WILFORD,

    Plaintiffs,

v.                                          Case No: 8:22-cv-2252-CEH-UAM

PRO CUSTOM SOLAR LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on Defendant's Motion to Stay Proceedings or in the Alternative for Extension of Time to File Responsive Pleading (Doc. 27), filed on September 10, 2024. In the motion, Defendant Pro Custom Solar, LLC requests entry of an order staying these proceedings pending the resolution of two related TCPA class actions pending in New Jersey. The Plaintiffs oppose the motion. Doc. 28. Also pending is a joint motion to continue pretrial deadlines pending the Court's ruling on the motion to stay. Doc. 30. The Court, having considered the motions and being fully advised in the premises, will grant, in part, Defendant's Motion to Stay Proceedings.

    I.     BACKGROUND

On October 3, 2022, Plaintiff Darrek Culbertson filed a putative class action complaint against Defendant Pro Custom Solar LLC for alleged violations of the

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, (the "TCPA"). Doc. 1. On November 2, 2022, Culbertson filed an amended complaint. Doc. 7. On January 3, 2023, Defendant moved to dismiss the amended complaint. Doc. 9. On January 24, 2023, Plaintiff moved to amend his complaint again. Doc. 10. The Court granted Plaintiff's motion to amend, and Plaintiff filed a Second Amended Complaint on September 18, 2023, adding two additional Plaintiffs and a claim under Florida law (Count V) for alleged violations of Florida Statute § 501.059. Doc. 16. Defendant moved to dismiss or strike Counts II and IV of the Second Amended Complaint. Doc. 18. The Court granted Defendant's motion (Doc. 26) and granted Plaintiffs leave to amend. Doc. 26. Rather than file a third amended complaint, Plaintiffs chose to proceed with the remaining Counts (Counts I, III, and V) of the Second Amended Complaint. *See* Doc. 28 at 2. Defendant's response to the Second Amended Complaint is now due.

On September 10, 2024, Defendant filed a motion to stay these proceedings because of a related class settlement reached between Defendant and the same putative class members in parallel TCPA class actions pending in the United States District Court for the District of New Jersey. Doc. 27. Alternatively, Defendant requests an extension of time to respond to the Second Amended Complaint.

Defendant's motion represents that the New Jersey consolidated cases, *Niemczyk v. Pro Custom Solar LLC*, Case No. 19-7846 (D.N.J.), and *Walters v. Pro Custom Solar LLC*, Case No. 22-247 (D.N.J.) (collectively, the "*Niemczyk/Walters* actions"), assert nearly identical claims under the TCPA and FTSA and involve the same class

2

allegations as those brought in the instant action. The parties in the *Niemczyk/Walters* actions filed a notice on September 20, 2024, of intention to file their motion for preliminary approval of the proposed settlement on October 21, 2024. According to Defendant, once the settlement is approved, the settlement will cover, provide relief to, and resolve the claims in this action filed by Plaintiffs Darrek Culbertson, Tracy James, Stephen Wilford, and the putative class they seek to represent against Defendant Pro Custom Solar.

Plaintiffs filed a response opposing the motion to stay. Doc. 28. In support of their opposition, Plaintiffs argue that the motion should be denied because Defendant did not previously notify the Court of the related actions, Defendant is seeking an indefinite stay, a stay should be granted only in rare circumstances, Plaintiffs are from Florida and choose to litigate their claims here, the State of Florida has a compelling interest in protecting the interests of its residents, and a stay would prejudice Plaintiffs because of the time and resources already spent litigating the case and because a delay in discovery could result in information being lost or becoming stale.[1]

## II.  LEGAL STANDARD

Courts have broad discretion to stay proceedings as incidental to their power to control their own dockets. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997*); Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). District courts have "inherent power not governed by rule or statute but by the control necessarily vested in courts to

---

[1] Plaintiffs also argue against transferring the case, but Defendant's motion does not request transfer to the New Jersey court or any other court.

3

manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Castle v. Appalachian Technical College*, 430 F. App'x. 840, 841 (11th Cir. 2011) (per curiam) (internal quotation marks omitted). A decision to stay is left to the discretion of the district court, *see Clinton*, 520 U.S. at 706, and the party seeking the stay has the burden of demonstrating why a stay should issue, *see Postel Indus., Inc. v. Abrams Grp. Constr., L.L.C.*, No. 6:11-cv-1179-JA-DAB, 2013 WL 1881560, at *4 (M.D. Fla. Mar. 29, 2013) (Baker, Mag.). Determining whether to impose a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

## III.   DISCUSSION

As a preliminary matter, the Court agrees with Plaintiffs that a stay of an indefinite period of time is improper and unwarranted. Upon consideration, the Court will grant Defendant's Motion to Stay Proceedings and stay this action for six months from the date of this Order. In support of its motion, Defendant submits that the pending settlement in the *Niemczyk/Walters* actions has the potential to resolve all issues in the instant matter, will obviate the need for further litigation, and is in the interests of judicial economy, conserving the resources of the Court and the parties. Defendant further argues that denying the stay would result in duplicative litigation and the potential for inconsistent rulings. Defendant's arguments are persuasive.

Given the implications that approval of the *Niemczyk/Walters* settlement would have on this action, a limited stay is warranted. Based on the terms of the settlement agreement, including the "settlement class" definition in the New Jersey actions, a

4

brief stay to allow the New Jersey court to consider and rule on the motion for preliminary approval of class settlement would conserve judicial resources, avoid unnecessary discovery and expense, and prevent potential conflicting rulings. The Court notes that both New Jersey cases were filed before the instant action, they are farther along in discovery and in the stages of litigation. The Motion for Preliminary Approval of Settlement Agreement in the *Niemczyk/Walters* actions reflects that the settlement was reached after extensive fact and expert discovery, contentious discovery motions, production of millions of call logs and lead files spanning the length of the class period, production of internal do not call lists and Defendant's financial records, and lengthy settlement negotiations which began with a mediation in June 2023 and resulted in settlement in June 2024. Doc. 29-1. Moreover, Plaintiffs' response does not indicate that the settlement in the *Niemczyk/Walters* actions would not resolve the Plaintiffs' and putative class claims pending before this Court.

The parties have also filed a joint motion to continue pretrial deadlines, acknowledging that discovery efforts may be mooted, and resources conserved, if the Court grants the stay. Doc. 30 at 2. Therefore, the Court will exercise its broad discretion to grant Defendant's request for a stay. In doing so, the Court emphasizes that this stay will be limited in duration, for a period of six months. Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Stay Proceedings (Doc. 27) is **GRANTED in part**.

2. This case is **STAYED** for a period of six months, up to and including **April 3, 2025**.

3. The parties' Joint Motion to Continue or Modify Pretrial Deadlines (Doc. 30) is **DENIED as moot**.

4. The Clerk is directed to terminate any pending deadlines and motions and **ADMINISTRATIVELY CLOSE** this case.

5. The parties are directed to file a motion to re-open the case, a stipulation of dismissal, or a motion to extend the stay, on or before **April 4, 2025**.

6. For good cause, any party may move to re-open this case at any time.

**DONE AND ORDERED** in Tampa, Florida on October 3, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any