UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARREK CULBERTSON,
TRACY JAMES, and
STEPHEN WILFORD,

     Plaintiffs,

v.                                                              Case No: 8:22-cv-2252-CEH-LSG

PRO CUSTOM SOLAR LLC,

     Defendant.

_____/

## O R D E R

This matter comes before the Court on the following: Plaintiffs' Motion to Re-Open Case (Doc. 33); Defendant's response in opposition (Doc. 36); Defendant's Motion to Extend Stay in light of Preliminary Approval of *Niemczyk/Walters* Settlement (Doc. 34); Plaintiffs' response in opposition (Doc. 35); and the parties' Joint Status Report (Doc. 38). The Court, having considered the motions, the Status Report, and being fully advised in the premises, will deny Defendant's motion to stay as moot, grant in part Plaintiffs' motion to reopen the case, and order Plaintiffs to show cause why this action should not be dismissed.

## BACKGROUND

On October 3, 2022, Plaintiff Darrek Culbertson filed a putative class action complaint against Defendant Pro Custom Solar LLC for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, (the "TCPA"). Doc. 1.

On November 2, 2022, Culbertson filed an amended complaint. Doc. 7. Plaintiff filed a Second Amended Complaint on September 18, 2023. Doc. 16. The Second Amended Complaint added two additional named Plaintiffs and an additional claim (Count V) for alleged violations of Florida Statute § 501.059. *Id.*

Defendant moved to dismiss or strike Counts II and IV of the Second Amended Complaint. Doc. 18. On August 13, 2024, the Court granted, in part, Defendant's motion, dismissed Count II, and granted Plaintiffs leave to file a Third Amended Complaint. Doc. 26. Although the Court granted leave to amend, Plaintiffs chose not to do so. *See* Doc. 28 at 2.

Before filing an answer to the claims remaining in the Second Amended Complaint, Defendant filed a motion to stay these proceedings because of a related class settlement reached between Defendant and putative class members in parallel TCPA class actions pending in the United States District Court for the District of New Jersey. Doc. 27. Defendant's motion represented that the New Jersey consolidated cases, *Niemczyk v. Pro Custom Solar LLC*, Case No. 19-7846 (D.N.J.), and *Walters v. Pro Custom Solar LLC*, Case No. 22-247 (D.N.J.) (collectively, the "*Niemczyk/Walters* actions*"), assert nearly identical claims under the TCPA and FTSA and involve the same class allegations as those brought in the instant action.

Plaintiffs opposed any stay (Doc. 28), arguing Defendant did not previously notify the Court of the related actions and a stay should be granted only in rare circumstances. Additionally, Plaintiffs argued that they are from Florida and choose to litigate their claims here, that Florida has a compelling interest in protecting the

2

interests of its residents, and a stay would prejudice Plaintiffs because of the time and resources already spent litigating the case.

The New Jersey court's Order granting preliminary approval of the class action settlement defined the nationwide Settlement Class as follows:

> All persons in the United States that received two or more telemarketing calls ("Calls") from Momentum within a 365-day period from March 5, 2015 through and including the date of preliminary approval of the Settlement by the Court ("Class Period").

Doc. 34-1 at 2. Given the implications that final approval of the *Niemczyk/Walters* settlement could have on the instant action, the Court exercised its discretion to grant a stay. Doc. 31. The Court found that a limited stay was warranted to avoid potential duplicative litigation and inconsistent rulings.

In April 2025, Plaintiffs moved to reopen this case (Doc. 33), and Defendant moved to continue the stay (Doc. 34). In support of reopening this action, Plaintiffs argue that the *Niemczyk/Walters* Settlement did not subsume all the claims in the instant case because those actions only certified a class for calls made to persons on the national do not call registry under 47 U.S.C. § 227(c). Doc. 33 at 2-3. Thus, Plaintiffs urge that their claims under Count I (for calls made with a prerecorded voice in violation of 47 U.S.C. § 227(b)) and Count V (for calls made with a prerecorded voice in violation of Fla. Stat. § 501.059) of the Second Amended Complaint fall outside the *Niemczyk* settlement, are still pending, and are still valid. *Id.* at 3. Defendant responded in opposition (Doc. 36) arguing that the stay of the case should remain in place because preliminary approval of the class has been granted, the *Walters'* action

3

included TCPA claims under the Florida statute, and Plaintiffs' claims are covered by the certified class definition. In addition to referencing the nationwide class definition, Defendant cites to the "Released Claims" language of the Settlement Agreement in support of its argument that the claims brought by Plaintiffs in this litigation would be subsumed by the *Niemczyk/Walters* Settlement. The Settlement Agreement defines "Released Claims" to include:

> all claims that have or could have been asserted in the Actions, whether known or unknown, by Plaintiffs and all Settlement Class Members against the Released Parties in the Litigation or in any other court action or before any administrative body, tribunal or arbitration panel arising out of or related to the claims asserted by Plaintiffs and the Settlement Class Members in the Litigation relating to violations of the TCPA or any federal, state, or administrative rules concerning telephonic telemarketing calls. This release shall include all claims based on a substantially similar factual predicate as that underlying the allegations and claims asserted in the Actions.

Doc. 36 at 5 (citing Doc. 29-1 § I.W).

In the motion to stay, Defendant requests the Court continue the stay for 180 days pending final approval of the *Niemczyk/Walters* Settlement, which was set to be heard on August 18, 2025. Doc. 34. Defendant attaches to its motion the District Court of New Jersey's order granting preliminary approval. Doc. 34-1. Plaintiffs respond that the motion to stay should be denied because their claims in the instant action are premised on the calls being made through the use of an artificial or prerecorded voice, and the *Niemczyk* case did not address prerecorded calls in violation of 47 U.S.C. §

4

227(c). They similarly argue that their Florida state law claims are premised on prerecorded calls, which they contend were not the subject of the *Niemczyk* case.[1]

In August 2025, the Court directed the parties to file a joint notice as to the status of the *Niemczyk/Walters* action. Doc. 37. The parties filed a Joint Status Report (Doc. 38) on September 10, 2025. Doc. 38. In their report, the parties present divergent views as to the import of the *Niemczyk/Walters* settlement on Plaintiffs' claims in this case. Defendant maintains that given the New Jersey court's final approval of the certified class and settlement in the *Niemczyk/Walters* action, Plaintiffs' claims fall squarely within the approved settlement class definition. Doc. 38 at 2-6. For their part, Plaintiffs contend that the Court should re-open this case to allow the parties six months to conduct merits and class-related discovery. *Id.* at 6. In support, they argue that the *Niemczyk/Walters* class action settlement did not cover claims of "persons who received only one prerecorded voice call, or persons that received prerecorded calls from Defendant that were potentially not telemarketing but contained a prerecorded voice." Doc. 38 at 7. Plaintiffs request the parties be given six months to conduct discovery related to the merits and the two additional proposed classes that were not subsumed by the *Niemczyk* action. *Id.*

## DISCUSSION

1.   **Motion to Extend the Stay (Doc. 34)**

---

[1] Plaintiffs' response does not directly address the claims brought in the *Walters* case, which did include claims under the FTCPA, Florida's counterpart to the TCPA

Courts have broad discretion to stay proceedings as incidental to their power to control their own dockets. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997*); Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Here, Defendant's motion seeks to continue the stay of this action because of the pending settlement in the *Niemczyk/Walters* action. According to the parties' subsequently filed status report, the New Jersey District Court has given final approval of the *Niemczyk/Walters* settlement. Attached to the Status Report is a copy of that court's order granting Plaintiffs' Motion for Final Approval of Class Action Settlement. *See* Doc. 38-1. Given that the parallel action has now been fully resolved, a stay of this action is no longer warranted, and Defendant's motion will be denied as moot. The Court turns next to the issue of how that nationwide class action settlement impacts Plaintiffs' claims here.

### 2.    Motion To Re-Open (Doc. 33)

Plaintiffs move to reopen this case to allow them to proceed with discovery. They claim that their complaint raises claims not encompassed by the *Niemczyk/Walters* settlement, namely related to: (1) the receipt of one prerecorded phone message in violation of the TCPA; and (2) the receipt of prerecorded messages that are not telemarketing. However, review of the operative Second Amended Complaint suggests otherwise.

First, regarding a proposed class of persons receiving one prerecorded call that violates the TCPA, Plaintiffs Tracy James and Stephen Wilford alleged receiving multiple prerecorded calls from Defendant or Defendant's agent. Plaintiff James alleges she received multiple automated, pre-recorded calls from Defendant and/or

Defendant's agent on November 2, 10, 18, and 21, 2022, and on January 9, 2023. Doc. 16 ¶¶ 45-49. Plaintiff Wilford received automated calls with a pre-recorded voice from Defendant and/or Defendant's agent on January 3, 4, 5-10, 2023. *Id.* ¶¶ 51-53. While Plaintiff Culbertson alleges he received at least one prerecorded call on September 30, 2021, he also received multiple calls from Defendant or Defendant's agent in September, October, November, and December 2021. *Id.* ¶¶ 33-44. Plaintiffs' argument that putative class members receiving only one prerecorded call may be carved out of the Settlement Class seems doubtful given the broad language of the "Released Claims" and the definition of the "Settlement Class" in the preliminary and final orders of approval. Nothing in those documents appears to contemplate that the "Released Claims" are limited to only individuals who received live, as opposed to prerecorded, calls. To the contrary, the released claims included "all claims based on a substantially similar factual predicate as that underlying the allegations and claims asserted in the [*Niemczyk/Walters*] Actions." Doc. 29-1 at 58. Plaintiffs have proffered nothing from the *Niemczyk/Walters* Actions to suggest the allegations and claims are materially different than the claims Plaintiffs have asserted in this case.

Similarly, Plaintiffs' argument that their Second Amended Complaint includes a proposed class of individuals who received prerecorded calls that were not for telemarketing purposes is belied by the complaint's allegations. The Second Amended Complaint is riddled with references to Defendant's unsolicited marketing, telemarketing, telemarketing agent, promotion of services, solicitation of new customers, and efforts to sell their solar energy products. Plaintiffs allege:

- Defendant is a solar energy company. To promote its services, Defendant engages in unsolicited marketing, harming thousands of consumers in the process. Doc. 16 ¶ 3.
- Defendant is a company based in South Plainfield, New Jersey, conducting business in the solar energy field. *Id.* ¶ 16.
- On or around September 30, 2021, Plaintiff Culbertson received an automated call with a pre-recorded voice which asked Plaintiff Culbertson if he wanted to save money on energy. *Id.* ¶ 33.
- Plaintiff is informed and believes that Defendant hired a third-party telemarketing agent to make calls on its behalf in order to solicit new customers. *Id.* ¶ 34.
- Plaintiff believes that Defendant exercises control and dominion over its telemarketing agent including deciding who is called, when they are called, and how they are called. *Id.* ¶ 35.
- That same day on September 30, 2021, Plaintiff Culbertson received a call from a live agent identifying themselves as representing Defendant attempting to sell Plaintiff Culbertson solar panels. *Id.* ¶ 36.
- On or around November 2, 2022, Plaintiff James received an automated call with a pre-recorded voice from Defendant and/or Defendant's agent which asked Plaintiff James if she wanted to save money on energy. *Id.* ¶ 45.
- On or around November 10, 2022, Plaintiff James received an automated call with a pre-recorded voice from Defendant and/or Defendant's agent which asked Plaintiff James if she wanted to save money on energy. *Id.* ¶ 46.
- On or around November 18, 2022, Plaintiff James received an automated call with a pre-recorded voice from Defendant and/or Defendant's agent which asked Plaintiff James if she wanted to save money on energy. *Id.* ¶ 47.
- On or around November 21, 2022, Plaintiff James received an automated call with a pre-recorded voice from Defendant and/or Defendant's agent which asked Plaintiff James if she wanted to save money on energy. *Id.* ¶ 48.
- On or around January 9, 2023, 2022, Plaintiff James received an automated call with a pre-recorded voice from Defendant and/or Defendant's agent which asked Plaintiff James if she wanted to save money on energy. *Id.* ¶ 49.
- Defendant attempted to set up a time to see which solar panels would be best for her home[.] *Id.* ¶ 50.
- On or around January 3, 2023, Plaintiff Wilford received an automated call with a pre-recorded voice from Defendant and/or

8

- Defendant's agent which asked Plaintiff Wilford if he wanted to save money on energy. *Id.* ¶ 51.
- On or around January 4, 2023, Plaintiff Wilford received a total of three (3) automated calls with a pre-recorded voice from Defendant and/or Defendant's agent which all asked Plaintiff Wilford if he wanted to save money on energy. *Id.* ¶ 52.
- On or around January 5, 2023, to January 10, 2023, Plaintiff Wilford received an additional three (3) automated calls with a pre-recorded voice from Defendant and/or Defendant's agent which asked Plaintiff Wilford if he wanted to save money on energy. *Id.* ¶ 53.
- Defendant's phone calls constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiffs solar energy equipment for their home. *Id.* ¶ 55.

Plaintiffs incorporate these allegations into each Count of their Second Amended Complaint. Further, Plaintiffs' proposed Federal and Florida TCPA classes specifically define the classes as persons who received any "solicitation/telemarketing phone calls." See Doc. 16 ¶ 65. Thus, the two purported classes Plaintiffs claim are not subsumed by the *Niemczyk/Walters* Settlement are not even classes raised by Plaintiffs in their Second Amended Complaint.

Plaintiffs seek to re-open this case to engage in discovery as to these two "excluded" classes. Given the breadth of the release language in the *Niemczyk/Walters* Settlement, the Court questions whether such claims are excluded from the "Released Claims" in the nationwide class settlement. Moreover, at this point, even if the two proposed classes were not subsumed in the settlement, the proposed classes are not alleged in the Second Amended Complaint and the Court is not inclined to permit further amendment where, as here, no class has been certified. *See, e.g., Bailey v.*

9

*Cumberland Cas. & Sur. Co.*, 180 F. App'x 862, 865 (11th Cir. 2006) (finding no abuse of discretion in denying pre-certification amendment to substitute a class representative where the original named plaintiff's claim was dismissed with prejudice as time barred); *Hunt v. Thermal Insulation, Inc.*, No. 1:09-CV-1445-WSD, 2010 WL 11507019, at *3 (N.D. Ga. Apr. 30, 2010) (denying leave to amend where no class had been certified and the original plaintiff lacked standing).

The Court's October 27, 2023 Case Management and Scheduling Order set a January 5, 2024 deadline for amendment of pleadings. Doc. 24. That deadline has long passed. And even when given the opportunity to amend in August 2024, Plaintiffs declined to do so. Finally, it is not apparent that any of these three Plaintiffs would have standing as it relates to the two proposed classes.

The motion to reopen will be granted, in part. The Court declines, at this time, to reopen discovery. Instead, the case is reopened to give Plaintiffs the opportunity to show why this action should not be dismissed for Plaintiffs to pursue their claims in the *Niemczyk/Walters* class action settlement. To the extent that Plaintiffs contend that their claims are not subsumed by the *Niemczyk/Walters* Settlement, in their response to this Order Plaintiffs should additionally address their standing to continue this action and any allegations in the Second Amended Complaint they contend support the proposed two classes. Accordingly, it is

**ORDERED**:

1.     Defendant's Motion to Extend Stay in light of Preliminary Approval of *Niemczyk/Walters* Settlement (Doc. 34) is **denied as moot**.

10

2.      Plaintiffs' Motion to Re-Open Case (Doc. 33) is **granted**, **in part**, as discussed in this order.

3.      The stay of this case is **lifted**, and the Clerk is directed to **reopen** this case.

4.      Plaintiffs are directed to **show cause** by the filing of a written response, within **14 days**, as to why this case should not be dismissed. Defendant may file a response within **14 days** of the date of Plaintiffs' response.

5.      Plaintiffs' failure to file a response within the time permitted will result in this case being dismissed without prejudice and without further notice.

**DONE AND ORDERED** in Tampa, Florida on May 7, 2026.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

11